Good morning, your honors, and may it please the court, my name is Marae Cluff and I represent the appellant Jerrod Mack. We are asking this court today to reverse my client's sentence because his prior North Carolina convictions for conspiracy to commit burglary and attempt to commit burglary are not crimes of violence under Shell because they cannot be tied to the text of 4b 1.2. In Shell, this crime of violence definition is a carefully reticulated definition and what that means is your honor is that the commentary must be tied to a prong of 4b 1.2. I understand where this argument is going and I'll let you make it but I want to just step back a little bit on this because it says in 2k 2.1 uses the simple word crime of violence with no definition. Then the commentary which clearly is not in conflict with that because it can mean almost anything. The commentary then says crime of violence under 2k 2.1 means the crime of violence. So for purposes of 2k 2.1, why don't we look at both with equal force the guideline in 4b 1.2 as well as comment 1.2. Because your honor in analyzing the definition of crime of violence, the complication note 1 that is referenced in 2k 2.1 in the application note, relies in its analysis of conspiracy and attempt, relies on cases from this court that have solely relied upon the residual clause to sort of walk in those definitions. Well that's one way to do it but the statute, the text says in comment 1, it says with respect to any of the offenses, any of such offenses referred to in the text which includes burglary is one of the offenses referred to, it says with respect to any of such offenses, we also include attempt and conspiracy. Well your honor what and and so what I'm suggesting is rather than do the analysis of whether that comment conflicts with 4b 1, that's resolved in 2k 2 where they say we're going to incorporate both for purposes of defining the crime of violence under 2k 2. But I don't think that that can be read alone your honor. I think that when the when the commentary mentions to 4b 1.2 in the note of 2k 2.1 and mentions the commentary, they're envisioning the same analysis that this court has it has applied in every setting when analyzing the base offense level which is in looking at. Part of your argument I'm that this attempted burglary and conspiracy to commit burglary charges that those are not generic burglary and part of the enumerated is one of the enumerated offenses. Yes your honor. It's not generic burglary. That's part of your argument. Well my argument is that it's not an enumerated offense in that in the offenses that are enumerated in prong 2. So it can't be generic burglary? No because generic burglary is a completed offense and conspiracy and attempt or inchoate offenses that are not completed. That begs the question because the enumerated offense burglary is then explained to mean also conspiracy and attempt. Because it says with respect to such offenses now such offenses could mean to the offenses defined in the residual clause but it also refers could refer to the explicitly stated offenses and one of which is burglary. Your honor what I would point to is cases like White the Supreme Court case. I know the analysis I want you to just tell me what's wrong with that analysis. I think the cases are all over and I must say the Supreme Court has two cases pending in this area. Beckles and this and I don't know if they will help in resolving this question. There are a lot of ways to argue it. If it your argument and just to get it back on the table this is where you started that the residual clause is identical to the Johnson the ACA residual clause. Yes your honor. And therefore lacks the clarity and the argument to the contrary might be that the commentary here adds some clarity as opposed to what was left open in ACA. There's another possibility which I have not seen the other circuit courts do which is to take the conspiracy and attempt language which says conspiracy attempt any of such offenses to go back instead of to the residual clause to go back to the burglary and say an attempt there. Now the argument your argument in response to that is that attempt and conspiracy is not a fair interpretation of burglary. It expands it and therefore should not be considered. You'd have to say under Stinson it's inconsistent. Yes your honor that's exactly. That's your argument. That is our argument. And that's a question of what inconsistency means also. As well your honor. I was trying to duck all of that partially by going to 2k1 where crime of violence is used and there the crime of violence is defined in the comment 1 and it's defined to be the uses A and B. And so the question there is maybe 2k1 is expanding crime of violence to include. That would be a response to your argument that it's inconsistent. That they're actually including attempt and conspiracy in the crime of violence defined in 2k2. And I don't. It's very complex but I just wanted to tell you where various problems go and I do know your arguments and I think they're very formative. And I appreciate the court presenting that counter-argument but what I would suggest to the court is that the way the commission envisions the use of 2k2.1 and in mentioning in the application note that crime of violence has the meaning given in 4b1.2a and application note 1a it really is just incorporating a legal framework that has been applied in analyzing crimes of being that when you look at the text of 4b1.2. Why did they add comment 1? Because if they did what you want the natural thing would be as defined in 4b1 and then let that be construed naturally in accordance with the way we construe it which is look at the text and look at the commentary. Well I don't think they did that because your honor application note 2 applies application note 2 of 4b1.2 applies very specifically to career offenders and deals with particularly with you know career offenders and how to analyze whether a career offender and the conduct and the focus of inquiry in a career offender and they don't incorporate application 3 because it deals specifically with provision 4a1.2 but they do incorporate application note 1 because application note 1 goes on to give a list of offenses that should be analyzed through the door of the residual clause and so that's why I think that how that sort of interplays. Well you're saying that when they say 4b1 and comment 1 they're sort of treating them as a unit to be interpreted as they normally are between them. But I'm suggesting that the disjunct I mean the conjunctive a and b means the aggregation of the offenses described in 4b1 as well as the offenses described in comment 1 and that's a reasonable interpretation I suppose but I'm not sure that any court has really gone that way yet. I don't think so your honor and most courts have really analyzed the definition of crime of violence with the 2k2.1 and in analyzing the definition of the crime of violence in 2k2.1 they've used the framework that I posit which is that you know we have the force clause we have the enumerated prevent offenses and then we have the residual clause. Now in James the Supreme Court looked at these things and talked about the attempted conspiracy as acknowledging that the commission apparently found that the attempts were of similar risk to the actual commission of the crime. So if it's burglary or attempted burglary the court observed that the commission apparently found those based on their data that they collected to be of a similar risk and sort of accepted it now. But that's only under the residual clause. Only under the residual clause to reach that. I mean most courts have solely relied on the residual clause in dealing with conspiracies and in dealing with attempts and that is the crux of our argument that the residual clause now being void the government conceding that the residual clause is now void there is no anchor anymore in the text of 4b1.2 to attach the commentary. What's your view about whether Beckles is going to give us any assistance in this area? Your honor no it's unclear how the court will there are three issues before the court. The first is that the court has been waiting for the court. It's been I was argued on November 28th. The court spent some time discussing the commentary but really if the court rules on the retroactivity issue they'll never reach the commentary issue and truly in light of the makeup of the court it's unclear whether any decision from that court will have any bearing and you know. You're right. That's not going to help us any. I agree your honor it may not actually help us at all given the makeup of the court and this court. What about the I guess the what is the name of the opinion McMaia or something it's the other one under 16b where crime of violence they've taken that case it may not help either because it doesn't have a residual clause. Right I agree your honor and I'm unfortunately not have read the briefs on that issue so I can't give the court and shed any light to the court on that particular issue. I think I think my clerks listen to the argument and agree with what you say that the retroactivity seemed to be the more predominant discussion. It is the more predominant discussion and the court the justices asked several questions from the counsel about the commentary but really the retroactivity would control and in looking at the commentary you know Shell is precedent in this in this court and is really what is controlling and Shell is very clear in their analysis of 4b 1.2 so clear that they compare you know 2l 1.2 and Chacon and the use of the defines crimes of violence only in the commentary so in that manner there's no way that that commentary can conflict or add to the text but here before the court we have a very clearly drafted textual language that you know uses means it's very clear and I'm sort of stealing that argument from the reply to the in Beckles where they talk about you know the language from 4b 1.2 the term of crime of violence means any offense very narrowly tailored and it's only the commentary that then goes on to analyze that residual the commentary in truth I know most judges is because attempt is not the specified crimes and therefore has to come under residual clause but the residual clause expands those four enumerated offenses and the commentary seems to expand all of the fences there in 4b 1 both the enumerated and the other offenses because it refers to any such offenses referred to there so that you could read the commentary to be relating back only to burglary but then the question comes you have to apply Stinson whether if the commentary says by burglary we also mean attempted burglary it whether that's in conflict and the problem I have with probably the position you argue is that the same lawmaker who wrote the text is also writing the commentary this is not like an agency interpreting Congress this is a lawmaker saying well this is my text and when I said that I mean this which would give him much more latitude to say that and I'm not sure it's really in conflict it is different right time to burglary is different from burglary but I would respond only in two manners your honor first that had the Commission wanted to include attempted offenses in the enumerated offenses they could have that to the text just like they did in prong one in prong one they say has an element the use of attempted use of or threatened use so they specifically address that and added attempts to prong one and the courts analysis you know is just simply on because of Johnson no longer the rubric that we that we would use meaning that you know the residual clause is the door through which all of all conspiracies and attempts would walk through to become crimes of violence yes good question yes your honor leaves this tract because I'm assuming that the government will make this point is if I've got the cases right they've made this point every they say that even if you're correct with the attempted conspiracy charges paragraph 28 of the PSR there are nonetheless two qualifying offenses felony breaking and entering in paragraph 27 and another felony and breaking and entering in paragraph 29 they're within the time limits to two separate offenses and we've helped that that North Carolina statute is a crime of violence why wouldn't that qualify or why wouldn't we have the district court look at that because your honor and I would suggest that it is the the correct venue for the district court to look at that and that for the district court to that the government didn't waive that argument by not raising it at sentencing they had the opportunity to present those two predicate offenses and did not raise that argument at sentencing if the court finds that they didn't waive it then I would suggest that the sentencing court is the appropriate court to look at whether those offenses qualify and the government relies did you did you raise a waiver did you file a reply I did not know that you have raised a would tell the tell your honor in conclusion is that in citing that North Carolina breaking and entering qualifies the government cites United States v. Munroe and United States v. Munroe is an analysis of the definition of violent felony under the statute and in that one instance the definition of burglary is different from the definition of burglary in the crime of violence text because the crime of violence text is much more narrow than the definition in our career statute so what I would suggest to the court is that them simply citing Munroe is not precedent for the particular circumstances of this case and I would also point the court to United States v. Bacote which is the 2006 case that analyzed North Carolina breaking and entering in the arena of the 4b 1.2 context and determined that it qualified through the residual clause that it did not qualify through the force clause and then in looking at the definition of burglary North Carolina burglary left open the question of whether that definition of a dwelling was overbroad or not overbroad but they didn't reach it because dwelling include boats and other things it can it can possibly include sleep parts sleep parts your honor and so I would suggest to the court that Munroe in this particular case because it's a it's a crime of violence under the sentencing guideline is not controlling and that the district court would be the correct venue for us to read readdress that issue if you succeed shouldn't we have to go that route because that has not been addressed yet as to whether the other convictions would qualify not in this case I'm not quite sure I followed the court yeah doesn't he have some predicate offenses involving breaking and entering he does your honor and those were not addressed by anybody yet they have not because they thought that the conspiracy or attempted burglary was sufficient was sufficient so if you win on the burglary things shouldn't we give the district court the opportunity to look at the other offenses and that's exactly what I'm okay okay that's exactly what I'm suggesting that the district court would be the correct you don't you think it's better than rather than us trying to fill in and I think the government's position would have us yes thank you okay thank you you guys will have to get me straight on these names thank you your honor good morning your honors and may it please the court my name is Kyle Pousson and I was on who's on yes sure and I represent the government in this matter you know the government suggests the guidelines were correctly calculated in this in this case and as a result the judgment of the four predicate offenses under section 2k 2.1 where his guidelines were calculated which can be combined in at least two manners to support the guideline calculations that the district were found at the first and the easiest route for this court to analyze to analyze and upholding is to look at the North Carolina breaking and entering conviction under North Carolina justice your honor I would suggest that the district court at the district court level both the attempt to conspiracy and the breaking and entering were and I would suggest that in looking at the the timing of those convictions and how they were set up that the district would have had to have found the breaking and qualifying and I say that your honor because the defendants for convictions are divided into two dates there's a 2014 conviction in paragraph police 29 for breaking in a man who stands a lot of PSR it stands alone and then separately there are as a conviction for the attempt first-degree burglary conspiracy first-degree burglary and another breaking and entering those three 2012 convictions are treated as a single site to the record yes your honor in looking at paragraph 27 and 159 of the joint appendix we see the joint first breaking and entering and paragraph 29 a few and the district court in this case found the base pencil to be 24 which would require two convictions for crimes of violence now the district court could not have found the attempt in the conspiracy to be those two on their own because they're counted as a single sense they have the same judgment but he could have put it with one of the other two correct so the one breaking and entering how do we know we know he did that or didn't well your honor we know that one breaking and entering was counted because there there are two separate judgments and one breaking and entering would have had to have counted in addition we know that your honor because on the district court level the breaking and entering convictions were challenged in the district court analyzed them but they were not challenged as to whether or not they fit with the engineering burglary the challenge that was raised at the district work was that these breaking and entering convictions were not felonies a Simmons style argument that was rejected by this court later argument today is to one of them I'm not sure which one it is maybe it was 27 so maybe that the district court already knew that argument and decided that wasn't going to be it I mean what I'm asking for is how do we know what the district court did yes your honor we know that they analyzed the breaking and entering one because it was challenged and two because the base offense level that they ultimately concluded base offense level of 24 would have required them to find that breaking and entering to be a crime of violence they could not have simply found the one or both of them they would have had to have found at least one of the breaking and enterings and analysis the same for both the analysis be exactly the same the elements are the same the statute is the same there's no difference between the breaking and entering for purposes of this analysis in paragraph 27 as the breaking and entering in 29 I guess the question would be if opposing counsels correct and we we agree with her that the two offenses attempted burglary and conspiracy to commit burglary in paragraph 28 don't make the cut in terms of crime of violence predicate why wouldn't we just send it back to the district court and we've decided that so now take a look at this with these two felony breaking and enterings and tell us what the sentence is is it going to be any different your honor because the the guideline range the district court found would still be supported by those convictions in paragraph 27 and 29 and therefore because the guidelines are correctly calculated this court would not need breaking and entering a qualifying offense yes your honor the United States versus mongrel this court found under the arm for a criminal context that North Carolina's but breaking and entering statute or throwing 1454 a sweeps no more broadly than generic burglary that finding under the arm for criminal context would apply equally under the career offender context that the case that case didn't take into account the definition of a dwelling it did not analyze the definition of a dwelling but it did go to the definition of a dwelling what is it in North Carolina there are two separate statutes related to breaking and entering North Carolina has the 1454 a which includes burglary of a dwelling as defined in the statute it also has a separate statute for breaking and entering into motor vehicles calling and I'm just doing this recollection I seem to have gone through that at one time I thought that dwelling may have been defined fairly broadly your honor the statute directs in 1454 see that building shall be construed to include any dwelling dwelling house uninhabited house building under construction building within the privilege of a dwelling house and any other structure designed to house or secure within it activity or property so that included your honor the case law in North Carolina as it's developed has found that that there are there's a distinction between the North Carolina statute that involves motor vehicles boats and other mobile structures and more permanent structures and so the permanent structure of a house under construction doesn't have the same risk as a burglary which is of a dwelling where the person could possibly be living sleeping and that type of thing correct and we know in this case your honor that based on the judgments and the indictments that were presented to the district court at the time of the original sentencing that the defendants indictments in paragraph 27 in paragraph 29 involved residents of buildings that were used as residences they were well and that analysis would your honor yes so the question then remains if Monroe didn't take into account the definition and the definition now it's important shouldn't we have that looked at by somebody we would do it I guess yes your honor and and I think that there are cases in the pipeline that have briefed that issue in this case the defendant did not challenge whether or not the B&E conviction was broader based on cases that are coming up to our court now from the district court somewhere yes your honor in fact I have one of those that the United States versus Lazarus for Rico baby 16-44 39 the parties have briefed the issue of the scope of dwelling I don't believe any movement has been made on whether or not arguments will be granted in that case but I would suggest that at this point mongrel is the law it's been applied consistently for some period of time to find that 1454 a does fall within the generic definition of burglary in this case the challenge to these convictions was made under sentence this court rejected that the appellant in this case has admitted and conceded that that argument is foreclosed by this court's decision in Barlow and therefore in this case the only challenge that's been raised these convictions has been settled and I would suggest your honor that the easy and the simple conclusion would be in this case to find that these two convictions for breaking and entering support the district court's conclusion that a base fence level 24 was the proper advisory guideline the definition includes any other structure designed to house or secure within it any activity or property yes your honor does that mean a warehouse warehouses would be included in 1454 a yes that's correct because in under the career offender guideline and 4b 1.2 that it's not just burglary but burglary of a dwelling however in this case no but categorical burglary includes under Taylor includes categorical burglary under their own criminal context would include requires requires your honor I'm not sure that Taylor limited to a dwelling your honor I'm not sure that it does and because it's Ray it wasn't raised I'm not as familiar with Taylor's I should be but that gets to the whole point that this is a complex issue and it might be worth your taking a district judge through it with the public defender raising all the points that she raises and and yes your honor and I would suggest that if this court does wish to readdress Munro that it's best on the net in a future case where the police have raised it at the district court level briefed it argued it and they did on the table they did but not on these grounds your honor that breaking and entering was only objected to based on whether or not it was a felony that's has since been resolved it is a felony and for purposes of this case the only challenge to those convictions has been resolved and they are under Munro valid predicates now I would suggest that that's the easy way for this court to resolve the issue if the court wishes to address the issues under the commentary there are two additional convictions of attempt at conspiracy first-degree burglary which the government suggests under these circumstances would also qualify as the commentary in this case explicitly addresses how to treat the inquiry offenses of attempt at conspiracy in this case the predicate offenses involved are time handled Stinson I can go so far with you pretty readily to say the commentary reads on any of the offenses described in 4b1 what is it for yes sure any defenses there but Stinson says so long as it doesn't conflict the text yes your honor and the question is whether expanding burglary to attempted burglary would be precluded by that I do not believe it would your honor in fact I believe that both the Supreme Court's decision in Stinson and this course decision shall both support the government's opinion for a few reasons Supreme Court's decision in James James your honor involved an analysis under the residual clause and because the analysis in this case we've not asked the court to make that analysis under the residual clause I'm not sure that it applies it well what they did they made an observation which is telling they said I don't remember what the crime it was but burglary does not the same as attempted burglary yes so they're two different crimes yes sure and but then they said the apparently later in the opinion that those two crimes still may have a similar risk as found by the data collected by this sentencing commission yes sir on an empirical basis and recognize that so the question is when you include in the text burglary you include the commentary attempted burglary say that also means attempted burglary is that inconsistent and why no your honor I would suggest it's not in looking at the Stinson case which your honor asked me initially the court recognized that there is room for the Commission to make amendments to the guidelines through that commentary to make changes even as long as there's not an inconsistency and in Stinson the court recognized in that case analyzing firearm by felon and whether the commentary related to firearm by felon provision in that case the court recognized that the conclusion that was made in the commentary may not have been driven by the text it may not have been compelled by the text but that because there was not an inconsistency because following one wouldn't require violating the other that the commentary should be binding it's exactly what the government's proposing in this case the commentary that guidelines in this case lay out burglary of a dwelling as an enumerated offense they don't address how to treat the incoherent versions of that offense the attempts conspiracies the Commission through the guideline through the commentary has filled in that gap and I would suggest that the recent changes to the commentary and the guidelines support the provision of support proposition that that provision is not tied to the residual clause we see in the recent amendments that the Commission has removed the residual clause in the most recent version of the commentary including attempts conspiracies remains suggesting that many courts have said that that commentary which includes attempts is really just a read on the residual clause as opposed to the stated clause offenses which is a response to that your honor in this case and in the cases the commentary language isn't tied just to residual clause cases the commentary would apply equally to how to treat incoherent versions of enumerated offenses how to treat incoherent versions of forced clause offenses and even how to treat incoherent versions of drug offenses it applies it's the Commission's reading or interpretation of how do we address these attempts and conspiracy versions of offenses that may otherwise may otherwise apply now there are cases which this court has heard which address the question of how do you deal with the commentary where there is no book or tie-in to something in the text this court heard in October arguments and on the Andre Hayes case I believe Justice King heard that case as to how to treat a common law under North Carolina law with a commentary version of that without any tie to the forced clause it's still good law and that issue that is live in in the Beckles decision which may or may not be reached in that opinion this case is even more narrow though in this case we have burglary of a dwelling in the text and the question of how we treat the incoherent version of that burglary of a dwelling the commentary explicitly addresses it this commentary is binding it's not inconsistent plainly inconsistent with the text and it's consistent with this court's decisions in Stinson and Schell and looking in how they treat the commentary and the role the commentary plays for those reasons your honor I asked this court to wait on Beckles to see if there was language if the court reached the commentary issue and they should provide clarity this court rejected my my request for an abeyance we could still hold it pending Beckles because Beckles has been argued I don't know if the decision in Beckles is going to follow the normal split on the court it may be cross I mean you have Justice Breyer who is sort of one of the main architects of the whole guidelines business and he has a lot to say about these things and maybe unanimous it could be unanimous and the question is when could we expect an opinion miss Klaus said it was argued on the 28th and we could see it as soon as February couldn't we yes your honor and I don't want to get in the business of trying to predict with the Supreme Court opinion the whole thing in advance yes your honor we had the oral argument yes your honor what about waiting for the decision and your honor what I would simply ask is that if the decision comes out before this court were to rule and it does address the commentary I would simply ask it to if that does not completely clarify the issue the parties be given a word yes your honor I believe both parties would we appreciate thank you your honor this is a very as you know it's very dynamic and moving area of the law and the courts are all over and I think there are analyses that still haven't conducted some of the ones I explored with this cloth and I don't quite know whether they're valid or not I think the idea of where we would come out how we can come out we're going to try to address it thank you your honor and we would appreciate those at the end of this whole year we may have some clarity of the court may just start taking up some more of those cases they recognize it's a problem yes your honor and past this prologue they could very well make it worse again I don't wish to speculate on the Supreme Court's opinion thank you appreciate both your good arguments we'll come down and greet counsel oh come on now you were very thorough and complete I thought I've understood everything well I appreciate that your honor I thought you were saying well miss clock your name reminds with enough and I've just heard enough of you today but but I just wish one the reliance on mongrel and I've already already had addressed that in my what is your response to mongrel that your honor mongrel analyzes the armed career criminal 924 e language that I know but it's you know I've been through a mongrel a couple times and it does have that little problem it fails to look at the definitions and it basically held that it is a crime of violence and it's hard for us to squeak around you say it's a different statute but I do only because your honor and typically the crime of violence text mirrors the armed career criminal statute but in this one instance the armed career criminal statute says burglary and that burglary burglary allows for duet for residences and structures and an additional so it's a broader definition in my in the jurisprudence as opposed to the crime of violence which is narrowly tailored to burglary of dwelling and so in that one instance that language is different and in the crime of violence where did you get is that to Taylor yes through Taylor your honor and you know we didn't we did not ask the court to wait on beckles because for my client if the court were to grant our reverse this sentence my client would probably be likely time served with good behavior and with the properly calculated guy now remember I think that also went into our calculus in determining whether they have argued but didn't preclude us from waiting a short time what went if you were to succeed when would you expect a release time your honor I the last release time that I checked I believe was made 2000 because of the 70 month sentence that you received was made 2020 but if the prop the properly calculated guideline in our opinion is somewhere between 21 to 27 months and he has served about 15 months if I remember correctly and so a few months before we get into implicating if you're right unjustly not not with good terms if he gets good 15% yes your honor that assumes that we don't take into account or send back to the district court to consider the breaking and entering things so you've got it's not as if this is a one single determinant decision here just based on the attempt at conspiracy charges she could still stand up with the same and he married me very well in your honor but what I would suggest to the court in addressing my friend's argument regarding the breaking and entering conspiracy we challenged one breaking and entering under Barlow and the conspiracy under Johnson and what the government is suggesting is that well just set aside the conspiracy and just substitute that for the other breaking and entering but no one has really addressed whether that definite which whether North kind of breaking and entering qualifies as a crime of that it would not it is your honor and another great topic to consider is whether even if if if we give the commentary freestanding definitional power whether North Carolina conspiracy meets the def meets the generic contemporary definition of conspiracy or whether even attempt does meet the definition North Carolina attempt meets the generic contemporary definition of attempt and as the court knows North Carolina does not require an overt act whereas the generic contemporary definition requires an overt act so what I would suggest to the court is that the court rule in our favor regarding the prior convictions that we've presented and allow the district court to address whether other whether other predicates can qualify thank you all right thank you well look now we'll come down and see it on
judges: Paul V. Niemeyer, Robert B. King, G. Steven Agee